IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

SHANA L. WARD,

       Plaintiff,

  v.                                  Civil Action No.
                                        7:15-CV-344 (DEP)

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

---

APPEARANCES:          OF COUNSEL:

FOR PLAINTIFF

CONBOY, McKAY LAW FIRM    LAWRENCE D. HASSELER, ESQ.
307 State Street
Carthage, New York 13619

FOR DEFENDANT

HON. RICHARD S. HARTUNIAN  ROBERT R. SHRIVER, ESQ.
United States Attorney        Special Assistant U.S. Attorney
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

ORDER

Currently pending before the court in this action, in which plaintiff seeks judicial review of an adverse administrative determination by the Commissioner of Social Security, pursuant to 42 U.S.C. § 405(g), are cross-motions for judgment on the pleadings.[1] Oral argument was heard in connection with those motions on August 18, 2016, during a telephone conference conducted on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination resulted from the application of proper legal principles and is supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is hereby

ORDERED, as follows:

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18. Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

1) Defendant's motion for judgment on the pleadings is GRANTED.

2) The Commissioner's determination that the plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is AFFIRMED.

3) The clerk is respectfully directed to enter judgment, based upon this determination, DISMISSING plaintiff's complaint in its entirety.

_____
David E. Peebles
U.S. Magistrate Judge

Dated: August 31, 2016
Syracuse, NY

```
UNITED STATES  DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
SHANA L. WARD,



vs.                                          15-CV-344

CAROLYN W. COLVIN, Acting Commissioner of Social Security.
------------------------------------------------------x

            Transcript of DECISION held on August 18, 2016,

at the James Hanley U.S. Courthouse, 100 South Clinton Street,

Syracuse, New York, the HONORABLE DAVID E. PEEBLES, Presiding.



                       A P P E A R A N C E S

For Plaintiff:       CONBOY McKAY LAW FIRM
(Via Telephone)      307 State Street
                     Carthage, New York 13619
                        BY:  LAWRENCE D. HASSELER, ESQ.

For Defendant:       SOCIAL SECURITY ADMINISTRATION
(Via Telephone)      Office of Regional General Counsel
                     Region II
                     26 Federal Plaza - Room 3904
                     New York, New York 10278
                        BY:  ROBERT R. SCHRIVER, ESQ.
```

1     (In chambers, via telephone:)
2     THE COURT: I have a request for judicial review of
3 an adverse determination by the acting commissioner under
4 Section 405(g) of Title 42, United States Code.
5     The background associated with this case is as
6 follows: The plaintiff is a female. She was born in
7 February of 1983 and is currently 33 years old. She lives in
8 Harrisville, New York with a husband, a two-year-old son, and
9 part-time with a three-year-old stepson. She is relatively
10 recently married and was pregnant at the time of the hearing
11 in this matter.
12    She has an 11th grade education and has not secured
13 a GED. She last worked in December of 2012. Her past
14 relevant work includes as a CNA, a cashier and a home health
15 aide.
16    In December of 2012, she was diagnosed with
17 invasive ductile carcinoma. She underwent a lumpectomy in
18 January of 2013 followed by chemotherapy to May of 2013 and
19 radiation from June through August of 2013. Thereafter, she
20 underwent Herceptin treatments every three weeks ending on
21 February 19, 2014.
22    In May of 2013, she reports having begun to
23 experience lower back pain. An MRI was performed on
24 November 13, 2013 -- that's at 729 of the administrative
25 transcript -- with modest results. It showed a dessicated

1   disk at T12-L1 but lack of any other findings.  In January of
2   2013, plaintiff claims that she began to experience
3   depression.  She, also, suffers from asthma, which she uses
4   an inhaler to address; migraines; and an overactive bladder.
5            She sees Dr. Samir Desai, who's an oncologist;
6   physician's assistant, Melinda Rosner of the Beaver River
7   Health Center.
8            For activities, she plays with her son, watches
9   television, works on the computer.  She cooks, cleans, does
10  laundry, shops and can take care of her personal needs.
11           Procedurally, the plaintiff applied for Title II
12  disability benefits on December 26th, 2012, alleging an onset
13  date of December 18, 2012.
14           A hearing was conducted by Administrative Law Judge
15  John P. Ramos on March 13, 2014.  A supplemental hearing was
16  conducted by Judge Ramos on September 11, 2014, at which time
17  the testimony of a vocational expert was elicited.
18           On October 15, 2014, Administrative Law Judge Ramos
19  issued an unfavorable decision that was made a final
20  determination of the Commissioner when the Social Security
21  Administration Appeals Council denied plaintiff's request for
22  review on January 30, 2015.
23           The administrative law judge's decision applied the
24  well-known 5-step sequential test for determining disability.
25           At Step 1, ALJ Ramos concluded plaintiff had not

1  engaged in substantial gainful activity since her alleged
2  onset date of December 18, 2012.
3      At Step 2, he concluded she suffers from breast
4  cancer, degenerative disk disease of the lumbar spine and
5  asthma as severe impairments, rejecting other alleged
6  impairments, including urinary frequency, depression and
7  asthma, as not sufficiently severe to limit her ability to
8  perform work functions.
9      At Step 3, the administrative law judge concluded
10 that the plaintiff's conditions did not meet or medically
11 equal any of the listed presumptively disabling conditions;
12 specifically, considering 13.10, breast cancer; and 1.04,
13 spinal disorders, as well as 3.03 pulmonary/asthma.
14     After surveying the record, ALJ Ramos concluded
15 plaintiff retains the residual functional capacity to lift
16 and/or carry 10 pounds frequently, 20 pounds occasionally; to
17 sit for six hours in an eight-hour day; and stand and/or walk
18 for two hours in an eight-hour day.
19     He further indicated the claimant should change
20 positions from sitting to standing, or vice versa, at will
21 but need not need leave the work station or area.  She is
22 limited to occasional reaching with the right arm but,
23 otherwise, has no reaching or manipulative limitations.  She
24 should not climb ladders or scaffolds and, otherwise, can
25 perform postural activities, such as balancing, stooping,

1 kneeling, crouching and crawling on an occasional basis.
2     The ALJ also limited the plaintiff in that she
3 should not be exposed to respiratory irritants or extremes of
4 temperature.
5     Applying this RFC, ALJ Ramos concluded that
6 plaintiff is not capable of performing any of her past
7 relevant work but, nonetheless, found, with the assistance of
8 the vocational expert's testimony, that she is able to
9 perform work in the national economy that is available,
10 including as a clerk, an usher, and a chaperone, all of which
11 fall in the light category with an SVP of 2.
12     The Commissioner, therefore, concluded that
13 plaintiff was not disabled at the relevant times.
14     As you know, the standard of review is extremely
15 deferential. I must determine whether correct legal
16 principles were applied and the determination is supported by
17 substantial evidence. And this is one of those cases where
18 substantial evidence, it could be argued, supports either a
19 finding of disability or a finding of no disability. But, as
20 long as the Commissioner's decision is supported by
21 substantial evidence, it must be upheld.
22     Turning, first, to the argument regarding
23 physician's assistant Rosner, I note that, initially,
24 PA Rosner indicated that she could not render an opinion.
25 That's at 390. She did ultimately give two assessments: One

in September of 2013 and one in March of 2014. The September 2013 is, very clearly, based on the functional capacity analysis conducted by, primarily, a physical therapist based on a one-time examination and is, at best, vague as to whether or not it represents a finding of the maximum limitations of the plaintiff.

In any event, the March 2014, report is, clearly, based on plaintiff's reports of her symptoms and it was noted that the report was prepared with the assistance of both the plaintiff and counsel.

The PA Rosner is, clearly, not an acceptable medical source and ALJ Ramos fully explained, at Pages 23 and 24 of his opinion, why he was not according weight to the opinions of PA Rosner, among other things. He reviewed the treatment notes, as I have, and I agree that they do not fully support the reports of PA Rosner.

In making that determination, I think the ALJ, also, considered it relevant that Dr. Desai, plaintiff's treating oncologist, declined to render any opinion concerning her limitations. That's at 648 of the record.

With regard to the FCE results, I think that the ALJ's interpretation is reasonable. It was a one-time exam by a person that's not an acceptable medical source and, in any event, it was conducted very close in time to when Dr. Noia conducted his consultative exam and Dr. Noia's

1   results of his exam are markedly different and he opines,
2   literally, that the claimant has -- I'm sorry, not Dr. Noia.
3   Dr. Lorensen.  And she opines very clearly that the plaintiff
4   does not have any significant limitations other than to avoid
5   smoke, dust and other respiratory irritants.  That's at Page
6   421 of the administrative transcript.
7           It was within the prerogative of the administrative
8   law judge to weigh these competing determinations and decide
9   which to accept.
10          With regard to Dr. Littell and LCSW Horsey, he,
11  clearly, committed error in not recognizing that this was
12  signed off on by Dr. Littell.  There's no indication in the
13  record, however, that Dr. Littell would qualify as a treating
14  source.  There's no indication he ever examined the plaintiff
15  and she only began a month before seeing the Carthage
16  Behavioral Center.  The Commissioner at 17 and 18 did provide
17  an analysis as to why he did not accept the opinions given by
18  LCSW Horsey, which would apply equally to Dr. Littell.  The
19  findings are grossly inconsistent with those of Dr. Noia and
20  Dr. Mangold at Page 94.  And, as I indicated, there's no
21  history of treatment by either LCSW Horsey or Dr. Littell.
22  So, I agree that it was harmless error to not recognize that
23  it was signed off on by Dr. Littell.
24          With Dr. Martinucci, again, the plaintiff had only
25  begun recently seeing Dr. Martinucci.  There's no

1  longitudinal history of visits and treatment.  There's the
2  February 28, 2014, consultative report at 877-78.  He
3  recommends injections.  There is indication in the record, I
4  will concede, that she did receive four injections and she
5  stated in her hearing testimony that they did not help her
6  but there is no evidence that she returned to Dr. Martinucci
7  or that other treatment options were considered.
8         In terms of staleness, there is an argument to be
9  made that, perhaps, some of the evidence in the record was
10 stale and maybe didn't reflect the progression of her back
11 condition, in particular; but I think that was cured by the
12 questionnaire -- the interrogatories to Dr. Indiher and his
13 opinions rendered on May 14, 2014.  That's at 46F.  And, in
14 any event, the May 2013 opinions fall within the relevant
15 time period and, so, were properly considered.
16         The last argument raised is credibility analysis.
17 The ALJ engaged in the proper two-step process at Pages 21
18 and 22.  He reviewed, carefully, the accounts of plaintiff's
19 daily activities, made a credibility determination that is
20 entitled to deference and I find no error in that credibility
21 determination.  As always, the ALJ could have done a better
22 job at explaining the credibility analysis but I understand
23 the pressures that they are under and I find that it does
24 provide a basis for meaningful judicial review of his
25 determination.

1     So, I will grant judgment on the pleadings to the
2 defendant.  I conclude that the determination is supported by
3 substantial evidence and resulted from the application of
4 proper legal principles.
5     Thank you both for excellent presentations.  I hope
6 you enjoy the rest of your summer.
7     MR. HASSELER:  Thank you, your Honor.
8     MR. SCHRIVER:  Thank you, your Honor.
9     (Proceedings adjourned, 10:38 a.m.)
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

1
2         C E R T I F I C A T I O N
3
4
5
6         I, DIANE S. MARTENS, Registered Professional
7  Reporter, DO HEREBY CERTIFY that I attended the foregoing
8  proceedings, took stenographic notes of the same, that
9  the foregoing is a true and correct copy of same and the
10 whole thereof.
11
12
13
14
15
16
17
18                              _____
19
20                              DIANE S. MARTENS, FCRR
21
22
23
24
25